UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BLACKWATER DIVING, LLC                                   CIVIL ACTION

VERSUS                                                              NO: 15-70

MONFORTE EXPLORATION, LLC                       SECTION: "A" (1)

## ORDER AND REASONS

Before the Court is a **Motion for Summary Judgment (Rec. Doc. 19)** filed by the plaintiff Blackwater Diving, LLC. Defendant Monforte Exploration, LLC opposes the motion. The motion, noticed for submission on June 3, 2015, is before the Court on the briefs without oral argument.

On January 13, 2015, plaintiff Blackwater Diving, LLC filed this lawsuit against defendant Monforte Exploration, LLC for payment owed on an outstanding invoice. Blackwater provides commercial diving services to the oil and gas industry. Monforte is an oil and gas drilling exploration company. Blackwater alleges that Monforte owes $169,560.83 on open account and additionally relies on the legal theories of breach of contract, unjust enrichment, quantum meruit, and detrimental reliance. (Complaint, Rec. D0c. 1).

The two principals of the plaintiff and defendant companies attempted to negotiate a settlement of the case on their own with participation from Blackwater's counsel. On April 16, 2015, the Court denied Blackwater's motion to enforce a settlement agreement in light of the lack of a requisite writing under Louisiana law. (Rec. Doc. 18).

Blackwater Diving now moves for summary judgment on the issue of liability and damages as to the outstanding balance of its invoice 14221 ($144,560.83). (Rec. Doc. 19-4; Bronner Affidavit ¶ 14). Blackwater seeks attorney's fees and interest pursuant to its claim on

1

open account.

Monforte opposes summary judgment insofar as Blackwater seeks attorney's fees and interest. Monforte argues that Louisiana's open account statute is not applicable to this case and that the parties' agreement makes no provision for either attorney's fees or interest in the event of delinquency.[1]

The Court agrees with Monforte's contention regarding interest. But as to attorney's fees, the Court is persuaded that this case falls squarely within Louisiana's open account statute, La. R.S. § 9:2781 per the Louisiana Supreme Court's reasoning in *Frey Plumbing Co. v. Foster*, 996 So. 2d 969 (La. 2008). In *Frey Plumbing*, the Supreme Court held that § 9:2781 must be applied as written.[2] 996 So. 2d at 972. Noting that the statute requires neither multiple

---

[1] Monforte has not opposed Blackwater's Uncontested Material Fact No. 17 which states that the current principal balance on invoice 14221 is $144,260.83. (Rec. Doc. 19-2). The two Disputed Material Facts that Monforte offers in opposition to summary judgment pertain to the settlement agreement whose enforceability the Court has already rejected. (Rec. Doc. 22-1). Monforte's Disputed Material Facts are not pertinent to the issue of whether Monforte owes an unpaid principal balance on invoice 14221.

Monforte also argues in opposition that Blackwater's motion is not supported by competent summary judgment evidence. The Court is persuaded that the record as a whole in this case supports Blackwater's diving's assertion that Monforte owes the principal amount sought. (*See* Rec. Doc. 9, Exhibits to Motion to Enforce).

[2] Louisiana Revised Statute § 9:2781 provides in part:

A. When any person fails to pay an open account within thirty days after the claimant sends written demand therefor correctly setting forth the amount owed, that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant. Citation and service of a petition shall be deemed written demand for the purpose of this Section. If the claimant and his attorney have expressly agreed that the debtor shall be liable for the claimant's attorney fees in a fixed or determinable amount, the claimant is entitled to that amount when judgment on the claim is rendered in favor of the claimant. Receipt of written demand by the person is not required.

. . . .

D. For the purposes of this Section and Code of Civil Procedure Articles 1702 and

transactions, anticipated future dealings between the parties, nor a formal line of credit, the Supreme Court concluded that a plumbing company's invoice for a one-time repair satisfied the requirements of the open account statute. *Id.* The Supreme Court concluded its opinion by implicitly overruling any prior decisions that imposed requirements inconsistent with the statute. *Id.*

In this case the parties apparently agreed to a pricing scheme based on the services that were anticipated for Monforte's job. (Rec. Doc. 19-3). If the parties actually signed a contract no party has produced it, much less a contract suggestive of something other than a rendering of services, which is explicitly recognized in § 9:2781(D). The Court is persuaded that Blackwater Diving's claim for payment falls within Louisiana's open account statute and that Blackwater Diving is entitled to reasonable attorney's fees.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 19)** filed by the plaintiff Blackwater Diving, LLC. is **GRANTED** as explained above.

June 17, 2015

                                                    _____
                                                    JAY C. ZAINEY
                                                    UNITED STATES DISTRICT JUDGE

---

4916, "open account" includes any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions. "Open account" shall include debts incurred for professional services, including but not limited to legal and medical services. For the purposes of this Section only, attorney fees shall be paid on open accounts owed to the state.

La. R.S. § 9:2781.