UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BLACKWATER DIVING, LLC					CIVIL ACTION

VERSUS								NO: 15-70

MONFORTE EXPLORATION, LLC				SECTION: "A" (1)

### ORDER AND REASONS

Before the Court is a **Motion for Attorney's Fees and Costs (Rec. Doc. 30)** filed by the plaintiff Blackwater Diving, LLC. Defendant Monforte Exploration, LLC opposes the motion. The motion, noticed for submission on July 15, 2015, is before the Court on the briefs without oral argument.

On January 13, 2015, plaintiff Blackwater Diving, LLC filed this lawsuit against defendant Monforte Exploration, LLC for payment owed on an outstanding invoice. Blackwater provides commercial diving services to the oil and gas industry. Monforte is an oil and gas drilling exploration company. Blackwater alleges that Monforte owes $169,560.83 on open account and additionally relies on the legal theories of breach of contract, unjust enrichment, quantum meruit, and detrimental reliance. (Complaint, Rec. D0c. 1).

The two principals of the plaintiff and defendant companies attempted to negotiate a settlement of the case on their own with participation from Blackwater's counsel. On April 16, 2015, the Court denied Blackwater's motion to enforce a settlement agreement in light of the lack of a requisite writing under Louisiana law. (Rec. Doc. 18). Blackwater Diving later moved for summary judgment on the issue of liability and damages as to the outstanding balance of its invoice 14221 ($144,560.83). (Rec. Doc. 19-4; Bronner Affidavit ¶ 14).  The

1

Court ruled in Blackwater Diving's favor and held that Blackwater Diving's claim for payment falls within Louisiana's open account statute, which implicates an award of reasonable attorney's fees. (Rec. Doc. 28).

Blackwater Diving has now filed its motion for attorney's fees. Blackwater's counsel seeks $18,317.00 in attorney's fees.[1] Defendant challenges the award as to reasonableness.[2]

Louisiana's open account statute, La. R.S. § 9:2781, provides for an award of reasonable attorney's fees for the prosecution and collection of a claim when judgment on the claim is rendered in favor of the claimant. La. R.S. § 9:2781(A). An award of attorney's fees under this statute is exceptional and penal in nature so its application must be strictly construed. *Frank L. Beier Radio, Inc. v. Black Gold Marine, Inc.*, 449 So. 2d 1014, 1016 (La. 1984). The quantum of fees awarded under § 2781 is left to the sound discretion of the district court. *Metro. Reporters, Inc. v. Avery*, 665 So. 2d 547, 550 (La. App. 5th Cir. 1995). Some of the factors that guide the court's discretion are the ultimate result obtained, the amount involved, the extent and character of labor performed, the legal knowledge, skill, and diligence of counsel, the number of appearances made, the intricacies of the facts and law involved, and the court's own knowledge. *Id.* (citing *S. Jackson & Son, Inc. v. Aljoma Lumber, Inc.*, 637 So 2d 1311 (La. App. 4th Cir. 1994); *Julius Cohen Jeweler, Inc. v. Succession of Jumonville*, 506 So. 2d 535 (La. App. 1st Cir. 1987)).

The Court is assisted in its determination by the itemized billing statements of lead attorney R. Joshua Koch, Jr. and associate attorney Caitlin Morgenstern. Mr. Koch has over

---

[1] Via the instant motion Plaintiff's counsel also seeks to recover costs. In this district costs are taxed in the first instance by the Clerk of Court pursuant to the procedure described in Local Rules 54.3 and 54.3.1. The request for costs included in this motion will not be addressed.

[2] Defendant's contention that the request for attorney's fees is premature until his deadline for moving for a new trial expires lacks merit.

35 years of litigation experience and an impressive résumé. Mr. Koch has been admitted to practice in the Eastern District of Louisiana since 1978, and he was responsible for overseeing this litigation. The Court is persuaded that Mr. Koch's requested hourly rate of $280 is reasonable in light of his background and experience. Ms. Morgenstern graduated from law school in 2011 and was admitted to practice in the Eastern District of Louisiana in 2013. The Court is persuaded that $150 per hour is a more reasonable hourly rate in this region in light of Ms. Morgenstern's experience.

Mr. Koch billed 28.1 hours and Ms. Morgenstern billed 58.05 hours, including the time spent on this motion for attorney's fees.[3] The Court is persuaded that this case did not require nearly this much attorney time. While counsel obtained a favorable judgment for their client, this case presented a simple collection matter on an unpaid invoice that the defendant essentially admitted that he owed. Neither attorney was required to make appearances in court. The time sheets suggest some duplication of effort and redundancy of attorney time, and while this might be a result of having an experienced attorney oversee the work of an associate, it remains that there was nothing complicated or intricate about the facts or law in this case. The Court will reduce Mr. Koch's recoverable hours to 15 and Ms. Morgenstern's hours will be reduced to 35 hours.[4] The attorney fee award calculates to (15 x

---

[3] Defendant argues that the time spent on the instant motion for attorney's fees is not recoverable because La. R.S. § 9:2781(E) defines "reasonable attorney's fees" as attorney's fees incurred *before* judgment. The Court does not agree with Defendant's argument because the Court's ruling on Plaintiff's motion for summary judgment clearly anticipated that an attorney fee application would be filed in this case, and it was the Court's decision to enter judgment on the principal demand before the attorney fee motion was filed. The Court could just as well have delayed entry of a final judgment until after the attorney fee motion was filed and decided. Clearly, the quantum of attorney's fees to which Plaintiff is entitled cannot depend on the Court's internal, administrative decision regarding the time of entry for the final of judgment.

[4] The Court adds that an award is not appropriate for the time that Plaintiff spent on efforts to enforce a settlement agreement that was not reduced to writing.

$280) + (35 x $150) = $9,450.00.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Attorney's Fees and Costs (Rec. Doc. 30)** filed by the plaintiff Blackwater Diving, LLC. is **GRANTED** as explained above.

July 16, 2015

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE